HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REUEL COHN,

      Plaintiff,

  v.

STATE OF WASHINGTON,

      Defendant.

Case No. C22-1411-RAJ

ORDER

      This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 5.

      Plaintiff filed this action against the State of Washington seeking a declaration that certain land in Island County, Washington is an established and active reservation that was set aside for the Snoqualmoo/Snoqualmie tribes. Dkt. # 6. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Brian A. Tsuchida granted the application. Dkt. # 4.

ORDER – 1

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Treaties are contracts between sovereigns and "do not give rise to individual actions." *See Skokomish Indian Tribe v. United States*, 410 F.3d 506, 515–16 (9th Cir. 2005). Accordingly, Plaintiff lacks standing to seek enforcement of the Treaty as an individual. *Golden Hill Paugussett Tribe v. Weicker*, 39 F.3d 51, 55 n.1 (2d Cir. 1994) ("Individual Indians do not fall within the zone of interests to be protected by the Nonintercourse Act."). While the Tribe itself could seek to vindicate any rights allegedly guaranteed it under the Treaty in question, Plaintiff cannot vindicate those rights himself. *See Cohn v. Washington*, 11-cv-1649 (W.D. Wash. 2011), Dkt. # 14; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 879 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987))); see Local General Rule 2(g)(4)(B). Because Plaintiff cannot prosecute this claim, the Court dismisses the complaint.

For the reasons stated above, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 5. T**he Court GRANTS** Plaintiff **30** days from the date of this Order to secure counsel. If no notice of appearance is filed within that 30- day period, the Court will dismiss Plaintiff's complaint without prejudice for failure to prosecute.

ORDER – 2

*Johns*, 114 F.3d at 879 (affirming the trial court's dismissal for failure to prosecute, but concluding that it should have dismissed without prejudice).

DATED this 14th day of June, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3