HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REUEL COHN,

    Plaintiff,

    v.

STATE OF WASHINGTON,

    Defendant.

Case No. C22-1411-RAJ

ORDER

This matter comes before the Court on Plaintiff's motion for an extension of time and motion for hearing. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff's complaint with leave to amend. Dkt. # 5.

Plaintiff filed this action against the State of Washington seeking a declaration that certain land in Island County, Washington is an established and active reservation that was set aside for the Snoqualmoo/Snoqualmie tribes. This Court noted that treaties are contracts between sovereigns and "do not give rise to individual actions." *See Skokomish Indian Tribe v. United States*, 410 F.3d 506, 515–16 (9th Cir. 2005). Accordingly, Plaintiff lacks standing to seek enforcement of the Treaty as an individual. *Golden Hill Paugussett Tribe v. Weicker*, 39 F.3d 51, 55 n.1 (2d Cir. 1994) ("Individual Indians do not fall within the zone of interests to be protected by the Nonintercourse Act."). While

ORDER – 1

the Tribe itself could seek to vindicate any rights allegedly guaranteed it under the Treaty in question, Plaintiff cannot vindicate those rights himself. *See Cohn v. Washington*, 11-cv-1649 (W.D. Wash. 2011), Dkt. # 14; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 879 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987))); see Local General Rule 2(g)(4)(B). Because Plaintiff cannot prosecute this claim, the Court dismisses the complaint.

Plaintiff claims that his role as chief allows him to act as a pro se representative in this matter. Dkt. # 15. While Plaintiff may disagree with the Court's order, the Court will not permit him to represent the Tribe as an individual. Plaintiff also requests an extension to find counsel because of health concerns. Dkt. # 14. The Court will extend the deadline to find counsel until October 30, 2023.

For the reasons stated above, the Court **GRANTS IN PART** the motion for extension of time to find counsel. Dkt. # 14. If no notice of appearance is filed by an attorney by October 30, 2023, the Court will dismiss Plaintiff's complaint without prejudice for failure to prosecute. *Johns*, 114 F.3d at 879 (affirming the trial court's dismissal for failure to prosecute, but concluding that it should have dismissed without prejudice). The Court **DENIES** the request for hearing. Dkt. # 15.

DATED this 14th day of September, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2